UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MICHAEL FRIDMAN,

    Plaintiff,

v.                                    Case No.:

THE NEIMAN MARCUS GROUP
LLC,

    Defendant.
_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, without waiving its right to arbitrate, Defendant The Neiman Marcus Group LLC ("NMG"), through its undersigned counsel, hereby gives notice that it is removing the above-captioned case from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Court, the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1452, and 1453.[1] In support of this Notice of Removal, NMG states the following:

## INTRODUCTION

1.      On March 10, 2021, Michael Fridman ("Plaintiff") filed a Class Action Complaint (the "Complaint") in a civil action styled *Michael Fridman v. The Neiman Marcus Group, LLC*, Case No. 2021-005882-CA-01, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Removed Action").

---

[1] This Notice of Removal is filed without prejudice to, subject to, and with express reservation of NMG's rights to move to compel this matter to individual arbitration in accordance with the Parties' valid and enforceable arbitration agreement.

1

2.     According to Plaintiff's allegations, NMG unlawfully intercepted Plaintiff's and putative class members' electronic communications without their knowledge or prior consent in alleged violations of the Florida Security of Communications Act ("FSCA"), Fla. Stat. § 934.01, *et. seq*, and in alleged invasions of privacy under Florida Law.  *See generally* Compl. ¶¶ 1-6. Plaintiff alleges that he has suffered injury by NMG's alleged use of tracking, recording, and/or "session replay" software provided by Quantum Metric, Inc, ("QM") to intercept Plaintiff's electronic communications with NMG's website, neimanmarcus.com, without consent.  *See id* at ¶¶ 1-6; 32.

3.     Specifically, Plaintiff alleges that NMG used QM software to create a video recording of his keystrokes and mouse clicks on the website.  *Id.* at ¶ 32.  Plaintiff also alleges that NMG used QM software to capture his IP address, browser type, the operating system on his device, Plaintiff's location at the time of each visit, and the time, date, and duration of each visit. *See id*.  Plaintiff further alleges that NMG uses QM software in a similar manner on its other websites, bergdorfgoodman.com, horchow.com, and lastcall.com (together with neimanmarcus.com, the "Websites").  Compl. ¶¶ 10; 14; 26; 33.  Plaintiff contends that NMG's use of QM software constitutes two separate violations of the FSCA and an actionable invasion of privacy under Florida law.  Compl. ¶¶ 71-87; *see also* Fla. Stat. § 934.03-04.

4.     Further, the Removed Action is a putative class action.  *See generally* Compl. ¶¶ 43-60.  The Complaint alleges that "Class Members share a similar narrative [to Plaintiff], and each experienced the interception of their electronic communications while visiting [NMG's] Websites[.]"  *Id.* at ¶ 33.  The Complaint proposes a class defined as "Florida residents who visited the Websites, and whose electronic communications were intercepted or recorded by QM on behalf

of [NMG], without their prior consent[,]" *Id.* ¶ 43. NMG and its employees or agents are excluded from the class. *Id.* ¶ 44.

5. The Complaint seeks at least $1,000 monetary damages for each alleged violation of the FSCA, compensatory and punitive damages, injunctive relief prohibiting the alleged violations, declaratory relief, and attorneys' fees and costs on behalf of Plaintiff and the proposed class. Compl. ¶¶ 6; 71; 78.

6. On April 6, 2021, Plaintiff served the summons and copy of the Complaint on the registered agent of NMG. This Notice of Removal is hereby filed on May 3, 2021, which is 27 days after service on NMG. Accordingly, this Notice of Removal was timely filed within the 30 days allowed for removal by 28 U.S.C. § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 334, 355-56 (1999). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders that have been served upon NMG are attached hereto as **Exhibit A.**[2]

7. Without waiving the right to arbitrate, NMG generally denies the allegations made by Plaintiff, disputes the claims asserted by Plaintiff, and disputes that Plaintiff is entitled to pursue or receive any relief on an individual or class-wide basis. NMG discusses the allegations and claims made by Plaintiff herein solely as they are alleged and solely to demonstrate the propriety of removal.

### THIS COURT HAS JURISDICTION OVER THIS ACTION AND REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1332(d)

8. Under 28 U.S.C. § 1332(d)(2)(A) ("Class Action Fairness Act" or "CAFA"), a defendant may remove a putative class action to federal court when the amount-in-controversy

---

[2] These copies include: (1) the Civil Cover Sheet; (2) the Complaint; (3) Summons on the Complaint; (4) Motion for Extension of Time; and (5) the Order Extending Time.

exceeds $5,000,000 and parties to the action satisfy a minimum diversity of citizenship requirement. 28 U.S.C. §§ 1332, 1441, 1446, 1453; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).

9. A case satisfies CAFA's class action requirement if it is "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The present action satisfies this definition as Plaintiff's suit is brought "individually and on behalf of all others similarly situated," consisting of "Florida residents who visited the Websites, and whose electronic communications were intercepted or recorded by QM on behalf of Defendant, without their prior consent[.]" Compl. ¶ 43. The Complaint itself is also styled as a "Class Action," and contains an entire section devoted to "Class Representation Allegations." *Id.* at ¶¶ 43-60.

10. The Court has original jurisdiction over this putative class action pursuant to CAFA because the minimal diversity of citizenship requirement is satisfied and the amount-in-controversy for the putative class exceeds $5,000,000, exclusive of interest and costs. Additionally, this Removed Action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453.

    **A.**    **The Minimal Diversity of Citizenship Requirement is Satisfied.**

11. Section 1332(d)(2) requires minimal diversity amongst the parties in order for district courts of the United States to have original jurisdiction over class actions. *See* 28 U.S.C. § 1332(d)(2)(A-C). The minimum diversity requirement is satisfied when "any member of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

12. Plaintiff admits that he is a citizen and resident of Miami-Dade County, and therefore is a citizen of Florida. Compl. ¶ 7.

13. NMG is a limited liability company; thus, its citizenship is determined by the citizenship of all members composing the entity. *Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). NMG has a sole member, NMG Holding Company, Inc., which is a corporation incorporated under the laws of Delaware and has its principal place of business in Texas. Declaration of Guido Tirone ¶ 3.[3] Therefore, NMG is a citizen of Delaware and/or Texas. *See* 28 U.S.C. § 1332(c)(1).

14. The required diversity exists because Plaintiff and NMG are citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.   The Amount-In-Controversy Requirement Is Also Satisfied.**

15. In a notice of removal, a defendant "need include only a plausible allegation that the amount in-controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

16. Plaintiff alleges that NMG used QM's software to record his "electronic communications" during visits to one of NMG's Websites without consent. Compl. ¶¶ 30-42. As alleged in the Complaint, various types of information pertaining to his interactions with the website, including Plaintiff's IP address, allegedly constitute an electronic communication that was allegedly intercepted. *Id.* ¶¶ 32; 35-36.

17. Plaintiff alleges that NMG similarly utilized QM's software to intercept the electronic communications of other individuals who visited NMG's Websites. *Id.* ¶ 33. Plaintiff contends that such "wiretaps" are "embedded in the computer code on the Websites," "begins the moment a visitor first accesses or interacts with Defendant's Websites," and that the "Members of the Class number in the thousands." ¶¶ 2, 34, 47.

---

[3] The Declaration of Guido Tirone is attached hereto as **Exhibit B** and is incorporated herein by reference.

18. From March 10, 2019 to date, a vendor for NMG collected IP addresses from more than 5,000 unique users on neimanmarcus.com connected to IP addresses located in Florida who visited that NMG website.[4]  Declaration of Guido Tirone ¶ 3.

19. Plaintiff further alleges that "[NMG] did not disclose or seek their consent to intercept the communication" and that "visitors like Plaintiff and Class Members never agree or are never given the option to agree to the privacy policy when using the Websites."  *Id.* ¶¶ 17, 40.

20. NMG disputes that prior consent was required to collect such information, and alternatively maintains that all users consent to such data collection by virtue of using NMG's Websites. For example, NMG's Privacy Policy and Terms of Use set forth on NMG's neimanmarcus.com website disclose the collection of such technical information. Declaration of Guido Tirone ¶ 3.  The same Privacy Policy and Terms of Use govern all users of neimanmarcus.com in Florida. *Id*.  Plaintiff does not allege that he or the Class Members took any unique action with regard to the privacy policy and in fact explicitly alleges that visitors are "not ask[ed]" if they "consent to being wiretapped" and "never agree or are never given the option to agree to the privacy policy." *Id.* at ¶¶ 37, 40.

21. Thus, as alleged, Plaintiff's allegations make clear that Plaintiff purportedly seeks to represent a class consisting of the more than 5,000 unique visitors to neimanmarcus.com located in Florida whose IP addresses were collected consistent with NMG's Privacy Policy and Terms and Use. *Id.* at ¶¶ 33-36 (alleging that all class members "experienced interception of their

---

[4] Because it is beyond question that there are more than one hundred individuals in the putative class (*see, e.g.,* Compl. at ¶ 47), the exclusion under 28 U.S.C. § 1332(d)(5) for putative class sizes of less than 100 individuals is plainly inapplicable.

electronic communications while visiting [NMG's] Websites as a result of QM software," and that such electronic communications include "among other things…[t]he visitor's IP address").

22. Based on the allegations in the Complaint, each individual putative class member has an alleged potential recovery of at least $2,000. Compl. ¶¶ 71; 78. Thus, according to Plaintiff's own allegations, a putative class size of even 2,500 individuals would result in an aggregated amount-in-controversy exceeding $5,000,000. While NMG denies Plaintiff is entitled to any relief sought in the Complaint, the total value of the relief that Plaintiff seeks well exceeds CAFA's $5,000,000 amount-in-controversy requirement because the putative class size is more than 5,000.

## THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE SATISFIED

23. This Notice of Removal is timely. NMG filed this Notice of Removal within 30 days after NMG received service of the summons and complaint. *See* 28 U.S.C. § 1446(b).

24. Removal to the United States District Court for the Southern District of Florida, Miami Division is proper because it is the district and division embracing the locality in which the Removed Action was pending. *See id.* §§ 89(c), 1441(a).

25. At the time that this action was filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and at all times thereafter, NMG was not a citizen of Florida. *See id.* § 1446(b)(2)

26. The requirements of 28 U.S.C. § 1446(a) are satisfied by the attachment hereto of "a copy of all process, pleadings, and orders served upon" NMG. *See* **Exhibit A**, attached hereto and incorporated by reference.

27. A copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See id.* § 1446(d).

## **RELIEF REQUESTED**

28. NMG respectfully requests that this action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, be removed to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1452, and/or 1453.

**Dated**: May 3, 2021

Respectfully Submitted,

By: /s/ Sherril M. Colombo
Sherril M. Colombo
Florida Bar No.: 948799
Email: scolombo@littler.com
Secondary: grivas@littler.com
Ryan P. Forrest
Florida Bar No.: 111487
Email: rforrest@littler.com
Secondary: grivas@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
305.400.7500
305.675.8497

*Counsel for Defendant The Neiman Marcus Group LLC*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by email on May 3, 2021 on all counsel or parties of record on the Service List below.

*/s/*     Sherril M. Colombo
Sherill M. Colombo

## SERVICE LIST

**KAUFMAN P.A.**
Avi R. Kaufman, Esq.
E-mail: kaufman@kaufmanpa.com
400 NW 26th Street
Miami, Florida 33127
Telephone: 305.469.5881

**LEVIN LAW, P.A.**
Brian Levin, Esq.
E-mail: brian@levinlawpa.com
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
Telephone: 305.402.9050

*Counsel for Plaintiff*